F I L E D
United States Court of Appeals
Tenth Circuit

APR 20 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT DOERR,

      Plaintiff-Appellant,

v.

COLORADO DIVISION OF
YOUTH SERVICES, a division of
the State of Colorado; COLORADO
DEPARTMENT OF HUMAN
SERVICES, a Colorado Department;
PLATTE VALLEY JUVENILE
SERVICES CENTER, a department
of the Colorado Division of Youth
Services; JOHN RILEY, Director,
Platte Valley Juvenile Detention
Center, in his individual and official
capacities; BRENT NITTMAN,
Assistant Director, Platte Valley
Juvenile Detention Center; PAUL
COOPER, Director of Northeast
Region of Colorado Division of
Youth Services; TOM CHAGOLLA,
Director, Platte Valley Juvenile
Detention Center in his official
and individual capacities,

      Defendants-Appellees,

  and

JAMIE NUSS, in her individual
capacity,

      Defendant.

No. 03-1096
(D.C. No. 01-WM-819 (OES))
(D. Colo.)

## ORDER AND JUDGMENT [*]

Before **SEYMOUR** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and **HENRY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Robert Doerr appeals the district court's orders dismissing his employment discrimination and civil rights complaint under Fed. R. Civ. P. 12(b)(1), (6), and 56(c).  He sued his employer, the Platte Valley Juvenile Services Center (PVJSC), and the Colorado Division of Youth Services and Department of Human Services, alleging Title VII claims of sexual harassment, hostile environment and retaliation.  He sued PVJSC directors John Riley, Tom Chagolla, and Brent Nittman, alleging Equal Protection, Due Process, and First Amendment constitutional violations under 42 U.S.C. § 1983.  We affirm.

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff alleges that several co-workers made comments or gestures to him, some derogatory, indicating that he was perceived as homosexual. He filed a formal grievance in November 1999, prompting an investigation. The investigation was held in abeyance at plaintiff's request, and he did not submit his supporting documentation until August 2000. In September 2000, the investigation report concluded that some employees had engaged in inappropriate behavior towards plaintiff. As a result, a directive was issued to all employees directing them to cease all conversations regarding any employee's sexual orientation or any other sexual issues in the workplace.

In January 2000, defendant Chagolla told plaintiff some female employees had complained about his behavior and interpersonal communication. Plaintiff did not return to work after this meeting. He took an extended sick leave, but failed to return to work after his leave expired. PVJSC terminated him in December 2000, after he failed to respond to the three notices warning him of his potential termination.

*Harassment Claims*. The district court ruled that the individual defendants were entitled to qualified immunity because, even if it were clearly established that anti-homosexual harassment violated the Equal Protection Clause, plaintiff failed to allege a constitutional violation in light of his failure to present any evidence that any of them participated in or consciously acquiesced in any

harassment by plaintiff's co-workers. *See Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999). On appeal, plaintiff argues that the harassment constitutes sexual harassment and gender discrimination in violation of the Equal Protection Clause, but he fails to address the defects in his claim. His conclusory allegations that the individual defendants allowed the harassment to continue are unsubstantiated and, thus, do not create an issue of fact sufficient to oppose summary judgment. *See Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995). The record shows the individual defendants were unaware of the harassment until plaintiff reported it to them, and then investigated and acted on plaintiff's complaints. Plaintiff's claim that the individual defendants did not adequately investigate and address plaintiff's complaints is not supported by the record. There is no evidence of deliberate discrimination by the individual defendants. *See Murrell*, 186 F.3d at 1250.

The district court dismissed plaintiff's Title VII harassment claim against the state agencies because he failed to timely exhaust his administrative remedies. The last possible date of any harassment was his last day of work in January 2000; plaintiff did not file his charge with the EEOC until February 20, 2001. *See* 42 U.S.C. § 2000e-5(e)(1) (must file charge with the EEOC within 300 days). On appeal, plaintiff asserts he first wrote to the EEOC in December 2000 and filed his complaint within two years of the harassing comments. Neither

argument overcomes the defect: the December 2000 letter was also more than 300 days after the last possible date of harassment, and exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs* ., 165 F.3d 1321, 1326 (10th Cir. 1999).

*Due Process Claims* . Plaintiff contends that his due process liberty interest in his good name and reputation was impugned and that he was terminated without due process in February 2000. We agree with the district court that plaintiff failed to present any evidence that any of the defendants deprived him of a liberty interest or denied him any process in connection with his termination. Contrary to plaintiff's unsupported assertions, no adverse employment action was taken against him either as a result of the complaints against him or his job abandonment in January 2000. *See Petersen v. Utah Dep't of Corr.* , 301 F.3d 1182, 1189-90 (10th Cir. 2002) (discussing what constitutes an adverse employment action under Title VII).

*First Amendment/Retaliation Claims* . Plaintiff contends he was terminated in retaliation for filing his grievance. He claims this violated his First Amendment rights. The district court correctly ruled that his First Amendment claim failed because his complaints about the anti-homosexual harassment he experienced were the complaints of an employee and did not constitute speech

that touched on a matter of public concern. *See David v. City & County of Denver*, 101 F.3d 1344, 1356 & n.2 (10th Cir. 1996). He also claims this constituted illegal retaliation under Title VII. We agree with the district court, however, that the one-year time lapse is too great to draw a causal connection between his protected grievance and his termination. *See Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (holding four-month lapse between protected activity and adverse action insufficient to justify inference of causation).

Having thoroughly reviewed the record and plaintiff's contentions, we AFFIRM the judgment of the district court for substantially the reasons set forth in its January 30, 2003 and February 10, 2003 orders.

Entered for the Court

Stephanie K. Seymour
Circuit Judge